UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENE GREEN, JR.,

    Petitioner,

v.                                  CASE NO. 5:10-cv-78-Oc-10PRL

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 11).

Petitioner alleges five claims for relief in his habeas petition. For the reasons discussed below, the Court finds that the instant habeas petition is without merit.

### *I.     Procedural History*

Petitioner was charged by amended information with the introduction/possession of contraband in a county detention center. *See* Appendix A. A jury trial was held, and Petitioner was found guilty. The trial court subsequently adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of 100.650 months. Petitioner filed

a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which held an evidentiary hearing on the matter. The trial court then entered an order correcting a sentencing error[1] and another order denying the Rule 3.850 motion. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II.     Legal Standards

### A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the

---

[1] Petitioner's sentence was reduced to 94.05 months.

2

Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.   *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and

---

[2] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

(2) whether the deficient performance prejudiced the defense.[3]  *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

### *III.     Analysis*

### *A.     Claim One*

Petitioner states that trial counsel failed to investigate and impeach Investigator Meyer Carter's trial testimony and present exculpatory evidence. According to Petitioner, counsel should have investigated Petitioner's telephone records and visitor history report to challenge the State's theory of prosecution. This claim was raised in Petitioner's Rule 3.850 motion and was denied based on counsel's cross-examination of Investigator Carter, discussion of the matter with Petitioner prior to trial, and strategic decision not to depose Investigator Carter.

Prior to trial, Petitioner's counsel moved to preclude the admission of a recorded telephone call between Petitioner and his wife. Counsel argued that the recording was irrelevant and did not prove or disprove any material fact. *See* Appendix B, Transcript of Trial at 75. The State maintained that the tape was relevant in that the investigator, based on his training and experience, would testify that a portion of the telephone call was in code. *Id.* at 76. The State argued that the code, along with the contraband found in Petitioner's pillow, were relevant to prove introduction of contraband. *Id.* The trial court denied defense counsel's request, emphasizing that the charge was introducing or possessing contraband. *Id.* at 77-78.

The record reflects that Petitioner's counsel conducted an extensive and thorough cross-examination of Investigator Carter, a jail investigator at the Marion County Sheriff's Office, with regard to the jail telephone conversations. *Id.* at 151-83. In addition, Petitioner and his wife both testified as to their explanations of the meaning of the jail conversations

and to rebut the accusations against Petitioner. *Id.* at 199-212, 236-42. In fact, Petitioner specifically denied that he and his wife had been speaking in code. *Id.* at 209-11.

Further, at the evidentiary hearing, Petitioner's counsel testified that he had discussed the telephone call log with Petitioner. *See* Appendix T, Transcript of Evidentiary Hearing at 8. Moreover, Petitioner's counsel spoke with Investigator Carter prior to trial about the incident report and discussed "his observations . . . and . . . what his testimony at trial would be." *Id.* at 11. Petitioner's counsel believed there was no reason to take Investigator Carter's deposition. *Id.*

Petitioner has not shown "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* 688. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. Here, Petitioner has not shown that his counsel violated these standards. Under the circumstances, Petitioner has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law under § 2254. In fact, he has not shown ineffective assistance at all, and this claim is denied.

**B. Claim Two**

Petitioner states that counsel failed to object and move for a mistrial when the State used a demonstrative aid to mislead the jury. In particular, Petitioner contends that the

6

Sate should not have been allowed to use a pillow as a demonstrative aid to show how the contraband was hidden. This claim was raised in Petitioner's Rule 3.850 motion and was denied because counsel objected numerous times to the use of the pillow.

The record reflects that Petitioner's counsel objected to using the pillow as a demonstrative aid on numerous occasions. *See* Appendix B, Transcript of Trial at 106-112. Ultimately, the trial court ruled that the pillow could be used for demonstrative purposes but not for substantive purposes. *Id.* at 112. Petitioner has not shown that counsel acted unreasonably with regard to this matter or that he sustained prejudice. As a result, Petitioner has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law under § 2254.

## *C.     Claim Three*

Petitioner states that counsel failed to object and move for mistrial when the State entered facts not in evidence. Specifically, he argues that counsel should have objected when the State argued in closing arguments that the pillow located in Petitioner's jail cell had the same type of hand-sewn stitching on it as did the mattress in Petitioner's jail cell. This claim was raised in Petitioner's Rule 3.850 motion and was denied because it was a fair comment on the evidence adduced during trial.

During closing argument, the prosecutor referred to hand stitching on Petitioner's pillow and mattress. *See* Appendix B, Transcript of Trial at 259. Richard Nelson, a witness for the State, testified on direct examination that the pillow and the mattress in Petitioner's cell had been hand-stitched. *Id.* at 97. Under the circumstances, the prosecutor's statement did not constitute improper argument but was fair comment on the evidence adduced at trial. *See Wade v. State*, 41 So. 3d 857, 868 (Fla. 2010).

Petitioner has failed to demonstrate that there was any basis for an objection or for a mistrial, and counsel's conduct was not deficient with regard to this matter. Further, there has been no showing of prejudice because the trial court instructed the jury prior to closing arguments that what the attorney said was not evidence. *See* Appendix B, Transcript of Trial at 252. As such, Petitioner has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law under § 2254.

### D.    **Claim Four**

Petitioner states that counsel failed to object and move for a mistrial when the State infringed on his right to remain silent. In particular, he states that, during closing argument, the prosecutor infringed on Petitioner's right to remain silent by implying that "if the Petitioner was innocent and it was not his contraband, he should have declared so from the very beginning." *See* Doc. No. 1 at 16. This claim was raised in Petitioner's Rule 3.850 motion and was denied because it was not raised on direct appeal.

Contrary to the trial court's determination, it appears that this claim was properly raised in a Rule 3.850 motion. *See Dennis v. State*, 696 So. 2d 1280, 1282 (Fla. 4th DCA 1997) ("The general rule is that the adequacy of a lawyer's representation may not be raised for the first time on a direct appeal. The rationale for the rule is that that issue has not been raised or ruled on by the trial court."). Nonetheless, Petitioner's claim is without merit.

The prosecutor argued as follows:

And there is no way in the world that he didn't knowingly know that he was on a pillow that had stuff in it. And if it's not your pillow, what would you do. Hey, this isn't my pillow. I don't know whose it is. But I don't want to go

8

> down for something I didn't do. There is no way he didn't know that pillow [was] stuffed with those items.

See Appendix B, Transcript of Trial at 281.

Under Florida law, "[i]mproper prosecutorial comments give rise to error justifying mistrial when they are so prejudicial that they vitiate the entire trial." *Mannarino v. State*, 869 So. 2d 650, 652 (Fla. 4th DCA 2004) (quotation omitted) (citation omitted). The appropriate test "to determine what constitutes a comment on the defendant's right to remain silent is whether the comment is fairly susceptible of being interpreted by the jury as referring to the defendant's failure to testify." *Id.* (citation omitted) (quotation omitted).

Petitioner's counsel explained at the evidentiary hearing that he did not believe that the prosecutor's comment was objectionable and that, in any event,

> what I didn't do is I didn't object to it because a lot of times when you object to something, you bring it to the jury's attention and so it seemed innocuous to me and I didn't feel like that it was appropriate to bring it to the jury's attention.

See Appendix T, Transcript of Evidentiary Hearing at 64. Petitioner's counsel felt that the comment had to be taken in the context of the entire closing argument and that the comment had "zero impact on the jury's decision to find [Petitioner] guilty." *Id.* at 65.

"In order to determine whether improper remarks constitute reversible error, they should be reviewed within the context of the closing argument as a whole and considered cumulatively within the context of the entire record." *MacArthur v. State*, 801 So. 2d 1037, 1040 (Fla. 5th DCA 2001). Assuming, without deciding, that the comment was improper, in reviewing the comment within the context of the closing argument as a whole and considering it cumulatively within the context of the entire record, the comment was not so prejudicial that it vitiated the entire trial. Thus, the remark, while standing alone may have

been inappropriate, when considered within the context of the entire closing argument and the record, was a fair comment.

Further, it was reasonable strategy on the part of Petitioner's counsel to refrain from raising an objection so as not to draw the jury's attention to this matter. Scrutiny of an attorney's performance is highly deferential, and this Court will not second-guess counsel's strategic decisions. *Strickland,* 466 U.S. at 489. As such, Petitioner has demonstrated that counsel acted deficiently with regard to this matter or that he sustained prejudice; therefore, this claim is denied.

### E.    **Claim Five**

Petitioner states that counsel failed to request an adequate defense jury instruction. He asserts that counsel should have requested a jury instruction concerning control and knowledge of contraband. This claim was raised in Petitioner's Rule 3.850 motion and was denied because Petitioner failed to demonstrate "any basis for a jury instruction other than or different from the ones given at trial." *See* Appendix V, Final Order Denying Motion for Postconviction Relief at 15.

The jury instructions given by the trial court included an instruction that the State was required to prove that Petitioner "knowingly" possessed the contraband and standard instructions on what constituted possession. *See* Appendix B, Transcript of Trial at 282-84. In fact, the jury was specifically instructed that the State was required to prove that Petitioner "knowingly possessed contraband in a county detention facility." *Id.* at 282.

During closing argument, Petitioner's counsel argued extensively about the absence of proof of knowledge on the part of Petitioner. *Id.* at 270-76. At the evidentiary hearing, Petitioner's counsel testified that Petitioner's case "was an actual possession case"

because Petitioner was caught sitting on the pillow containing the contraband, and such a case required a higher standard of proof than a constructive possession case. *See* Appendix T, Transcript of Evidentiary Hearing at 74. Petitioner's counsel felt that the jury instructions as given were more beneficial to Petitioner. *Id.* at 77.

Petitioner has failed to show that there was any basis to request additional jury instructions, and Petitioner has not shown that counsel's conduct was in any manner deficient with regard to this matter. Further, there has been no showing of prejudice. As such, Petitioner has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law under § 2254.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Gene Green, Jr. is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Chambers in Ocala, Florida, this 19th day of November, 2012.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 11/19
Counsel of Record
Gene Green, Jr.

11